Opinion Issued December 30, 2004





                            






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01179-CR




ABRAHAM KHBIES, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 1178603



MEMORANDUM OPINION

          A jury convicted appellant, Abraham Khbies, of theft of property valued at
more than $50 and less than $500, and his punishment was assessed at 180 days in
the Harris County jail, suspended for one year of community supervision, and a $500
fine. See Tex. Pen. Code Ann. § 31.03(e)(2)(A)(i) (Vernon Supp. 2004-2005). We
determine whether the trial court abused its discretion in admitting an officer’s
opinion that appellant had committed the offense of theft. We affirm.
Background
          On May 31, 2003, appellant entered a Cavender’s Boot City. Louis Llamas,
a Cavender’s employee, asked appellant if he needed assistance, but appellant stated
that he was “just looking.” Appellant proceeded to walk to the boot aisle of the store. 
Llamas noticed that appellant was wearing brown lace-up shoes when he entered the
store. Later, Llamas checked to see whether appellant needed help and saw that
appellant was in the dressing room area. Llamas did not see appellant again until
appellant walked by him and exited the store. As appellant walked out of the store,
Llamas observed that he was wearing a pair of black lizard skin boots and that there
were white stickers on the soles of the boots. Suspecting that appellant was stealing
the boots, Llamas waited by the exit for the security alarm to sound. When the
security alarm failed to sound, Llamas followed appellant outside and asked him to
come back into the store. Appellant refused to re-enter the store and drove away. 
Llamas wrote down appellant’s license plate number. Llamas returned inside and
explained what had happened to the store manager, who then called the police. 
          About 20 minutes later, Deputy Larry Bostick arrived at the store, spoke with
witnesses, and retrieved the license plate information. While Deputy Bostick was
present, the store’s staff discovered a pair of brown shoes hidden behind a pair of
boots and gave them to the officer. Deputy Bostick stated that he was going to drive
to the address associated with the license plate number. Deputy Bostick left the store
and drove to appellant’s home. When Deputy Bostick showed the shoes to
appellant’s wife and son, both stated that the shoes did not belong to appellant. 
Deputy Bostick asked appellant’s wife to contact appellant to ask if he could meet
Deputy Bostick at Cavender’s Boot City. Appellant complied with Deputy Bostick’s
request and returned to Cavender’s. When appellant arrived at the store, Deputy
Bostick directed Llamas to confront him about what had happened to the boots. 
Appellant denied stealing the boots and left the store. 
          After the initial report was made, Detective Lawrence Bush was assigned to the
case. After taking statements from witnesses at the store and obtaining the pair of
brown shoes and a damaged security tag, he determined that there were workable
leads and evidence to pursue an investigation in the case. 
Opinion Testimony
          In his sole issue, appellant contends that the trial court erred in admitting
improper opinion testimony and that “the trial court’s cure, allowing defense counsel
to present improper opinion testimony” was a violation of his substantial rights and
reversible error.
          We review a trial court’s decision to admit or to exclude evidence under an
abuse-of-discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim.
App. 1996). When a trial court’s evidentiary ruling is within the “zone of reasonable
disagreement,” there is no abuse of discretion, and the reviewing court must uphold
the trial court’s ruling. Id. at 102. 
          Appellant contends that the trial court erred in allowing Detective Bush to give
opinion testimony regarding his determination about what offense appellant had
committed. During direct examination, the State asked Detective Bush whether he
had made “a determination as to what the offense committed was.” Appellant’s trial
counsel objected, asserting that the question called for a legal conclusion and
constituted hearsay. The trial court overruled the objection, and Detective Bush
answered that he believed that “a theft had occurred from that business [of] a pair of
boots.” Appellant contends that the trial court erred in failing to instruct the jury to
disregard Detective Bush’s testimony and instead allowing Deputy Bostick to testify
about whether he believed that an offense had been committed. 
          Even if the trial court erred in admitting Detective Bush’s testimony, appellant
has not shown that his substantial rights were affected. Error in the admission of
evidence is generally non-constitutional error. See King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997). Rule 44.2(b) of the Texas Rules of Appellate Procedure
provides that a non-constitutional error not affecting substantial rights must be
disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected when the error
had a substantial injurious effect or influence in determining the jury’s verdict. King,
953 S.W.2d at 271. A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has
a fair assurance that the error did not influence the jury or had but a slight effect. 
Reese v. State, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000).
          In the present case, before Detective Bush was asked what offense had been
committed, he had testified regarding his investigation of the case and that he had
filed theft charges against appellant with the District Attorney’s office. An error in
the admission of evidence is cured when the same evidence comes in elsewhere
without objection. Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). 
Because Detective Bush had already testified that, as a result of his investigation, he
had filed theft charges against appellant, we cannot conclude that his testimony
regarding what offense he believed had been committed affected appellant’s
substantial rights. See id. 
          Appellant also contends that the court admitted that it had erred in allowing
Detective Bush’s opinion testimony and that the trial court incorrectly cured this error
by allowing Deputy Bostick to testify improperly. Contrary to appellant’s assertion,
the trial court did not ever admit that it had erred in permitting Detective Bush to
testify regarding whether or not he had made a determination about what offense had
been committed. When appellant asked Deputy Bostick if he had determined that
appellant had committed theft, the State objected, and appellant reminded the trial
court that it had permitted Detective Bush to answer a similar question. At that point,
the trial court agreed with appellant and allowed appellant to elicit substantially the
same testimony from Deputy Bostick in order to be “fair.” Furthermore, Deputy
Bostick’s testimony cannot be said to have harmed appellant because it was
somewhat helpful to appellant. After the trial court had ruled that Deputy Bostick
could answer appellant’s question, he testified that he had not made a determination
as to whether appellant had committed theft, but instead had decided to check with
his supervisor and the District Attorney’s office. 
          Because any error in admitting Detective Bush’s opinion as to what offense had
been committed was harmless, we overrule appellant’s sole issue.

Conclusion
 
          We affirm the judgment of the trial court.
 

 

                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).